942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald E. MURRAY, Personal Representative of the Estate of
Elaine M. Murray, Deceased, Plaintiffs-Appellees,
v.
Anthony J. HITE, Defendant-Appellant.
 No. 90-35337.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1991.
Decided Aug. 30, 1991.
 
 Before WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A tragic boating accident killed Elaine Murray. Her father then sued the drivers of the boats for wrongful death. Prompted by the suit and before the trial, defendant Anthony Hite filed for bankruptcy under Chapter 7. During a pretrial telephone conference, Hite's attorney in the wrongful death suit told Murray's attorney about the bankruptcy filing and said that notice of the creditors' meeting would be forthcoming from the bankruptcy court. Relying on this statement, Murray and his attorney never inquired about the creditors' meeting or claim filing deadline.
 
 
 3
 Hite's bankruptcy was handled by another law firm than the one that handled his wrongful death defense. In the bankruptcy papers, Hite's statement of affairs mentioned the pending wrongful death suit, the underlying reason for bankruptcy. Somehow Murray was not included on the mailing matrix as required by the bankruptcy code and local rule. As a result, Murray did not receive from the bankruptcy court the notice he was told he would be sent. The deadline having passed, the bankruptcy court granted Hite's discharge. Murray brought an action to set aside the discharge. The district court consolidated it with the wrongful death suit. Noting the unusual circumstances, the district court reversed and found no dischargeability. We agree that these unique facts compel a finding of no discharge under 11 U.S.C. § 523(a)(3)(B) (1988). The reliance by Murray's attorney upon a colleague, whom he knew and apparently trusted, was not unreasonable in light of the close relationship between the bankruptcy and the wrongful death suit.
 
 
 4
 We also find that it was not clear error for the court to find that Hite's boating activity was willful and malicious and then to conclude that Murray's claim was not dischargeable under 11 U.S.C. § 523(a)(6) (1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3